IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | |
| | : | CRIMINAL NO. 17-CR-00160 |
| ELDON STONE ROSS | : | |

### DEFENDANT'S SENTENCING MEMORANDUM AND ARGUMENT FOR A SECTION 3553(a) GUIDELINE VARIANCE

Defendant, Eldon Stone Ross, by and through his attorney, John I. McMahon, Jr., Esquire of McMahon, McMahon & Lentz, respectfully submits this Sentencing Memorandum and Argument for a Variance for the Sentencing Hearing scheduled for October 31, 2017.

**I.     CRIMINAL OFFENSES**

Defendant was charged by information filed on March 25, 2017, with one count of Operating an Unlicensed Money Transmitting Business, in violation of Title 18 U.S.C. § 1960(a). On April 11, 2017, defendant promptly accepted responsibility for his conduct and entered a guilty plea to the aforesaid offense.

**II.     SENTENCING AND PENALTY CONSIDERATIONS**

   **a.  Post Booker sentencing considerations**

In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the Sentencing Guidelines are only advisory and instructed the United States Courts of Appeals to review the sentencing court's "broad discretion in imposing a sentence within a statutory range." Id. at 233, 125 S.Ct. 738. The sentencing court shall afford the parties an opportunity for argument, consider all of the factors contained in 18 U.S.C. § 3553(a), and determine the appropriate, fair and just sentence to impose, which may vary from

1

the sentencing range called for by the Guidelines. Tomko, 562 F.3d at 567 (citing Levinson, 543 F.3d at 195). Post-Booker, the sentencing court may no longer prefer a within-Guidelines sentence over a sentence outside the Guidelines. See Nelson v. United States, ___ U.S. __, 129 S. Ct. 890, 891 (2009) ("The Guidelines are not only not mandatory on sentencing courts; they are not to be presumed reasonable.") (emphasis in original). Accord, Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97 (2007) (sentencing courts "may not presume that the Guidelines range is reasonable."); Rita v. United States, 551 U.S. at 351 ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.").

Although after Booker the sentencing guidelines are only advisory and not presumed to be reasonable, the Third Circuit has opined that the guideline range is still a critical starting point in determining the reasonableness of the sentence imposed. Thus, the district courts in the Third Circuit must utilize the following three (3) step process in imposing a sentence: (1) a sentencing court must, in every case, begin the process by first calculating the applicable Guideline range, (2) formally rule on departure motions in light of the pre-Booker case law, stating clearly how a departure affects the guideline calculation; and (3) exercise discretion under §3553(a) by meaningfully considering the relevant factors it lists, and imposing a sentence "regardless of whether it varies from the sentence calculated under the guideline." United States v. Gunter, 462 F.3d 237 (3d Cir. 2006); See also, United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009).

The first two steps require the District Court engage in a pre-Booker analysis of the sentence, by first calculating the guideline range, and making a formal ruling on factual disputes and departures for reasons contemplated by the guidelines.

The third step (the heart of post-Booker sentencing) requires sentencing courts to give full consideration to all of the §3553(a) factors. At this stage, sentencing courts may vary from the

Guidelines based on case-specific considerations, policy reasons alone, or both. Spears v. United States, __ U.S. __, 129 S.Ct. 840 (2009) (stating, "that was indeed the point of Kimbrough: a recognition of district courts' authority to vary from the crack cocaine Guidelines based on policy disagreements with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case.") (emphasis in original).

The court may even impose a sentence outside the guideline range for reasons that are prohibited under the provisions of the Sentencing Guidelines. United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). Likewise, factors which would not justify a departure under the guideline system may be viewed with greater latitude so as to justify a non-guideline sentence under §3553(a). United States v. Jackson, 467 F.3d 834, Note 8 (3d Cir. 2006).

A deviation from the guideline range for reasons not contemplated by, or even prohibited by the Guidelines is referred to as a "variance" in the Third Circuit, while a deviation for reasons provided by the Guidelines is referred to as a "departure." Jackson, 467 F.3d 834, n.2. At the base, the overarching goal of this three-part process is the imposition of a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation. See 18 U.S.C. §3553(1); Kimbrough v. United States, 552 U.S.85, 128 S.Ct. 558, 570 (2007).

    b. **18 U.S.C. § 3553(a) FACTORS**

        i. **Nature and circumstances of the offense and the history and characteristics of the defendant**

Defendant recognizes that his instant offense is serious and warrants appropriate punishment. Nonetheless, defendant respectfully asks this court to carefully consider all of the circumstances and characteristics of the defendant and offense, and to conclude that the Sentencing

Guidelines substantially overstate the severity of defendant's conduct and that their application to present case would be manifestly unreasonable. Specifically, defendant requests this court to consider, *inter alia*, the following: (i) at the time of defendant's conduct, the state of the law was arguably not settled relative to whether the defendant's conduct was a violation of Title 18 U.S.C. § 1960(a) Operating An Unlicensed Money Transmitting Business[1], although defendant has voluntarily waived this issue by pleading guilty; (ii) defendant's young age and the likelihood that he will be rehabilitated and be a very successful, contributing member of society; and (iii) defendant's sincere remorse for his conduct and his cooperation with law enforcement throughout the instant prosecution.

### 1. Background

Defendant is a twenty-three (23) year old individual. He is single and has no children. He was born in the state of Delaware and has primarily resided in the Chester County area of Pennsylvania his entire life. During periods of his life, defendant has struggled with depression and anxiety, as well as post-traumatic stress disorder outlined hereinafter. Defendant has previously received mental health treatment, including therapy and prescribed medications. In addition, defendant has a significant history of substance addiction, which resulted in his admission into Rehab After Work in 2014, an intensive outpatient program outlined hereinafter.

### 2. Family History

Defendant is the only son of Michael Ross and Deborah Ross. He was born in Christiana, Delaware. He has a younger sister named Mae Ross, age fifteen (15). Defendant's childhood did

---

[1] Compare, e.g., United States v. Petix, 2016 U.S. Dist. LEXIS 165955, 2016 WL 7017919 (W.D.N.Y. Dec. 1, 2016)(holding that Bitcoins are not "funds" or "money" subject to Section 1960); United States v. Faiella, 39 F.Supp. 3d. 544 (S.D.N.Y. 2014)(Bitcoins are "funds" within the meaning of Section 1960).

not involve any physical abuse or major emotional neglect, however, defendant's parents were separated when defendant was nine (9) and ultimately divorced several years later, as a result of which defendant experienced significant separation anxiety from his mother, while he lived solely with his father. He did not receive supportive counseling or other professional services during that period. After the parents' final divorce defendant lived solely with his mother. Both of defendant's parents are well-educated and doctors of veterinary medicine. Defendant's mother owns and operates an animal hospital in Chester County, and his father is an equine surgeon and professor of surgery at University of Pennsylvania Hospital.

### 3. School History

Defendant successfully graduated from Kennett High School with an excellent grade point average of 3.7825 and was academically ranked in the top fifteen (15) percent of his graduating class of 297 students. Thereafter, defendant has obtained numerous credits at multiple higher education institutions, including Penn State University, Temple University and Delaware County Community College, where he has focused primarily on entrepreneurship studies. Although he has not yet obtained his degree, defendant continues to be motivated for further higher education in the future.

### 4. Work History

Defendant's employment history has in part, consisted of multiple jobs in the restaurant industry, including the Longwood Family Restaurant, Café Reve, Hatfield Grille and a restaurant owned and operated by his father and step-mother. In December, 2015, defendant started a limited liability corporation named Bitsclusive, to trade online in virtual currency, namely Bitcoin, as well

to sell digital training guides regarding bitcoin, which led to his instant offense.  Defendant did not register his business with the United States Secretary of Treasury or the Commonwealth of Pennsylvania.

Defendant currently has been working two jobs.  He works at this mother's business, Penn Animal Hospital, where he performs various tasks including pet grooming, tank maintenance and garden maintenance, as well as managing the hospital's social media program.  In addition, defendant is working part-time as a server at Carrabba's Italian Grille in Chadds Ford, Pennsylvania.

### 5.  Drug use and abuse

Defendant has a long history of substance abuse problems with alcohol, marijuana, benzodiazepines, methamphetamine, cocaine and hallucinogenic use.  Defendant's only treatment has consisted of the Rehab After Work intensive outpatient program in Chester County, Pennsylvania.  He admits that he has minimized his need for treatment and impact of his drug use on his life.  Defendant is motivated for treatment opportunities notwithstanding his minimization of his substance use problem in his PSR interview.

### 6.  Mental Health

Defendant is not presently being treated for any mental health disorders and does not appear in need of immediate mental health treatment.  Nonetheless, based on his prior history of mental health issues counseling may be appropriate.  Defendant has previously received treatment for depression and anxiety, as well as post-traumatic stress disorder.  In 2014, he received therapy with William Neely, Ph.D in  West Chester, Pennsylvania.

### 7. Financial Condition

Defendant has no significant assets or savings.  After defendant's arrest, his mother refunded two of defendant's bitcoin investors paid restitution the amount of Thirty Thousand ($30,000.00) Dollars on his behalf, and defendant intends to repay his mother when he is able to.

### ii.   The Need for the Sentence Imposed

### 1. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

Defendant accepts full responsibility for his actions and appreciates the gravity of his offense.  He has attempted to take all possible steps to make amends for his conduct both to the victims and society.  Financial refunds have been paid to two of defendant's investors in the amount of Thirty Thousand ($30,000.00) Dollars.

### 2. To afford adequate deterrence to criminal conduct

Defendant is an intelligent young male who finds himself facing serious consequences for his second violation of the law.  However, he is highly motivated to refrain from future criminal conduct.

### 3. To protect the public from further crimes of defendant

Defendant realizes that he must focus on channeling his talents in a positive direction to achieve his lawful entrepreneurial goals.

### iii. Kinds of sentences available

#### 1. Imprisonment

The maximum term of imprisonment is five (5) years.[2] There are no mandatory minimum sentences applicable. Based upon a total Offense Level of 17 and a Criminal History Category of IIII, the advisory guideline range for imprisonment is 30 months to 37 months.

#### 2. Supervised Release

The Court may impose a term of supervised release of not more than three (3) years.[3] The Guideline range suggests a term of supervised release of one (1) to three (3) years.

#### 3. Probation

Defendant is eligible for not less than one nor more than one (1) years' probation by statute.[4] Unless extraordinary conditions exist, the court must impose one of the following conditions of probation: a fine, restitution, or community service. A probationary sentence is not recommended by the advisory Sentencing Guidelines since the applicable Guideline range is in Zone D of the Sentencing Table.[5]

#### 4. Fines

The maximum fine is Two Hundred and Fifty Thousand Dollars ($250,000.00).[6] The Guideline range for fines is from Ten Thousand Dollars ($10,000.00) to Ninety Five Thousand Dollars ($95,000.00).[7]

---

[2] 18 U.S.C. § 1960(a)
[3] 18 U.S.C. § 3583(b)(2); USSG §5D1.2(a)(2).
[4] 18 U.S.C. § 3561(c)(1)
[5] USSG §5B1.1(n.2)
[6] 18 U.S.C. § 3571(b)
[7] USSG §5E1.2(c)(3)

### 5. Restitution

There are no identifiable crime victims. However, total refunds have been paid in the amount of Thirty Thousand ($30,000.00) Dollars to two (2) investors of defendant, although these individuals had not suffered out of pocket losses arising from defendant's offenses.

### iv. The Guidelines and Policy Statements issued by the Sentencing Commission, including the advisory guideline range

Defendant is a Criminal History Category III.  The base offense level for a violation of 18 U.S.C. § 1960(a) is twenty (20).

The offense level is reduced by two (2) levels because defendant clearly demonstrated acceptance of responsibility for the offense[8]. An additional reduction by one (1) level applies because assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty[9].  The resulting Adjusted Offense Level is Seventeen (17).  Based on an Adjusted Offense Level of Seventeen (17) and a Criminal History Category III, the advisory Guideline Range is 30 to 37 months.

## III.  REQUEST FOR A VARIANCE FROM THE ADVISORY GUIDELINES

In Gall v. United States, 128 S. Ct. 586, 598 (2007) our Supreme Court made clear that District Courts are to make an "individualized assessment" based on all of the 3553(a) factors in imposing a sentence. The High Court explained:

---

[8] USSG §3E1.1(a)
[9] USSG §3E1.1(b)

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.

Id. at 598. Consistent with this individualized approach, the United States Supreme Court and Third Circuit Court of Appeals have approved variances below the guidelines for reasons not contemplated and even prohibited by the Sentencing Guidelines. Kimbrough v. United States, 552 U.S.85, 128 S.Ct. 558, 570 (2007)(recognizing district courts' authority to vary from the crack cocaine Guidelines based on policy disagreements with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case."); United States v. Grober, 624 F.3d 592 (3rd Cir. 2010)(affirming the district court's rejection of the child pornography guidelines under 18 USSG §2G2.2 based on policy disagreements with them).

For the reasons which follow, defendant respectfully submits that the only sentence that is "sufficient but not greater than necessary" is a period of incarceration which is well below the excessive advisory guideline range of 30 to 37 months.

    a.    **The Guideline sentence conflicts with § 3553(a)'s directive to impose a sentence "sufficient but not greater than necessary."**

Defendant submits that his particular conduct in trading bitcoin, a virtual digital currency, was conduct which fell within an area of the law that has been somewhat unsettled as to whether "bitcoins" fell within the legal definition of actual currency contemplated by 18 U.S.C. Section 1980. See e.g. conflicting legal opinions in United States v. Petix, 2016 U.S. Dist. LEXIS 165955, 2016 WL 7017919 (W.D.N.Y. Dec. 1, 2016)(holding that Bitcoins are not "funds" and therefore are not subject to Section 1960) with United States v. Faiella, 39 F.Supp. 3d. 544; 2014 WL 4100897 (S.D.N.Y. 2014)(holding that Bitcoins are "funds" within the meaning of Section 1960).

Nevertheless, defendant waived these issues and promptly took responsibility for his actions by entering a guilty plea.  From the moment of his arrest, defendant was extraordinarily cooperative with law enforcement.  He gave a statement to officers wherein he admitted his commission of the offense, and voluntarily disclosed the location of the records of his Bitcoin transactions which were stored on a laptop computer.

In addition, defendant has expressed great remorse for his unlawful activity, and he recognizes the consequences that his conduct has on others, including his parents who were so negatively emotionally impacted by the charged offense. Defendant is a bright, entrepreneurial, young man who intends to redirect his creativity and intellect towards lawful ventures that make positive contributions to society. The prospects of rehabilitation are great.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, defendant respectfully requests that this Honorable Court grant his request for a variance below the advisory guidelines, and impose a sentence within the range of three (3) months to nine (9) months, as based on all of the relevant sentencing considerations in this case such a sentence is sufficient, but not greater than necessary to fulfill the goals of fair and just sentencing.

Respectfully submitted,

_/s/ John I. McMahon, Jr._
John I. McMahon, Jr., Esquire
McMahon, McMahon & Lentz
21 West Airy Street
Norristown, PA 19401
Identification No. 53777

**CERTIFICATE OF SERVICE**

  I, John I. McMahon, Jr., Esquire, certify that the foregoing Defendant's Sentencing Memorandum was filed electronically on October 20, 2017 and is available for viewing and downloading from the ECF system.

Honorable Nitza I. Quinones Alejandro
8613 U.S. Courthouse
601 Market Street
Philadelphia,  PA  19106
(electronic service)


Albert Glenn, Esquire
Special Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia,  PA  19106
(electronic service)

      \s\  John I. McMahon, Jr._____
      John I. McMahon, Jr., Esquire
      Attorney for Defendant
      McMahon, McMahon & Lentz
      21 West Airy Street
      Norristown, PA  19401