# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 17-160 |
| | : | |
| **ELDON STONE ROSS** | : | |

## UNITED STATES' MOTION FOR JUDGMENT AND
## PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Louis D. Lappen, United States Attorney for the Eastern District of Pennsylvania and Albert S. Glenn, Assistant United States Attorney, respectfully requests entry of a judgment and preliminary order of forfeiture and in support of this motion, the United States represents as follows:

1. On March 28, 2017, the defendant was charged by Information with operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960 (Count One). The Notice of Forfeiture alleged that the defendant's interest in certain property was forfeitable as a result of these offenses as charged in Count One of the Information.

2. On April 11, 2017, the defendant pleaded guilty to Count One of the Information.

3. As a result of his guilty plea as to Count One of the Information, the defendant is required, and has agreed, pursuant to 18 U.S.C. § 982(a)(1), to criminally forfeit to the United States his interest in any property, real or personal, involved in such an violation of section 1960 of Title 18, or any property traceable thereto.

4. Based upon the facts set forth at the change of plea hearing and in the government's change of plea memorandum, which formed the factual basis for the guilty plea, based on the terms of the guilty plea agreement, and based on the record as a whole, the

government avers that the following property is subject to forfeiture as a result of the defendant's guilt as to Count One of the Information, and that the government has established the requisite nexus between such property and such offenses:

    a.    the sum of $40,000.

5. The $40,000 identified in paragraph 4(a) represents the amount of proceeds that the defendant obtained as a result of his exchanging Bitcoin for cash between January 2015 and November 17, 2016, and having done so without having registered with the Secretary of the Treasury or the Commonwealth of Pennsylvania, as required by law, as charged in Count One. *See Honeycutt v. United States*, 137 S. Ct. 1626, 2017 WL 2407468 (Jun. 5, 2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Vampire Nation*, 451 F.3d 189, 202-202 (3d Cir. 2006) (an order of forfeiture may be entered against the defendant for the full amount of the criminal proceeds). The government therefore seeks an order of forfeiture for the $40,000 in proceeds that the defendant obtained as a result of his conduct as charged in Count One.

6. The government further avers, and represents that it could establish by a preponderance of the evidence, that due to the defendant's acts or omissions, the $40,000 in proceeds that the defendant obtained are dissipated and are not currently available to the government for forfeiture, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) has been met. As a result, the Court should permit the government to seek the forfeiture of substitute assets up to the amount of the remainder of the proceeds that the defendant obtained, that is, $40,000.[1]

---

[1] Title 21 U.S.C. § 853(p) provides that the government is entitled to the forfeiture of substitute property if, as a result of any act of the defendant, forfeitable property cannot be found upon the exercise of due diligence or has been transferred or deposited with a third party. Fed.R.Crim.P. 32.2(e)(1)(B) provides that the court may, at any time, amend an existing order of forfeiture to include substitute property. The

7.      The government therefore seeks an order authorizing the United States to forfeit up to $40,000 in substitute assets from the defendant. 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(2).

8.      The net proceeds from the sale of any property recovered from the defendant and forfeited by the government shall be applied against the forfeiture amount, in partial satisfaction thereof.

9.      The government further requests authority to conduct discovery to identify, locate, and dispose of property subject to forfeiture, and to notify potential third-party claimants, pursuant to Fed.R.Crim.P. 32.2(b) and 21 U.S.C. § 853(n)(1).

---

government may forfeit substitute assets to satisfy a forfeiture money judgment. *See, e.g., United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the Government from tracing); *United States v. Moses*, 2010 WL 3521725, *9 (D. Vt. 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, 2010 WL 1740814, *3 (E.D. Va. 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

For the reasons stated above, the government requests that this Court enter the attached Order.

<div style="margin-left: 40%;">
Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Victim Witness Unit


 /s/ Albert S. Glenn
ALBERT S. GLENN
Assistant United States Attorney
</div>

Dated: February 26, 2018

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 17-160 |
| | : | |
| **ELDON STONE ROSS** | : | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's guilty plea as to Count One of the Information, the defendant is required, and has agreed, pursuant to 18 U.S.C. § 982(a)(1) to criminally forfeit to the United States his interest in any property, real or personal, involved in such an violation of section 1960 of Title 18, or any property traceable thereto. Moreover, the government has established that one or more of the conditions set forth in 21 U.S.C. § 853(p), exists.

2. All property, real or personal, involved in such a violation of section 1960 of Title 18, or any property traceable thereto, which represents proceeds that the defendant obtained directly or indirectly from the commission of the offenses charged in Count One of the Information is forfeited to the United States.

3. Based upon the facts set forth at the change of plea hearing and in the government's change of plea memorandum, the defendant's guilty plea agreement, and the record as a whole, the Court finds by a preponderance of the evidence that: The sum of $40,000 is the value of the property constituting, or derived from, proceeds that the defendant obtained

directly or indirectly from the commission of the offense charged in Count One of the Information, and is traceable to the commission of such offense; and the government has established the requisite nexus between such sum and the offense charged in Count One of the Information.

4. The United States moves under 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure to forfeit $40,000 in proceeds that the defendant obtained as a result of his commission of the offense charged in Count One of the Information. The motion is GRANTED. The United States is entitled to forfeit $40,000 in proceeds that the defendant obtained as a result of his commission of the offense charged in Count One of the Information. A money judgment in the amount of $40,000 is hereby entered against the defendant.

5. The government has established, and the Court finds, that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists. Because the defendant dissipated the $40,000 in proceeds that he obtained as a result of his commission of the offense charged in Count One of the Information, the United States is entitled to forfeit, pursuant to 21 U.S.C. § 853(p), substitute assets up to the value of the remainder of the $40,000 in proceeds, that is, substitute assets up to the value of $40,000.

6. Upon entry of this Order, the United States is authorized to conduct any discovery necessary to identify, locate and dispose of property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

7. The net proceeds from the sale of any property recovered from the defendant and forfeited by the government shall be applied against the forfeiture amount of $40,000 identified in paragraph 4, in partial satisfaction thereof.

8. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Judgment and Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and must be made part of the sentence and included in the judgment and commitment order. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

11. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Homeland Security Investigations, the United States Marshals Service, and to counsel for the parties.

**ORDERED this          day of                    , 2018.**

**BY THE COURT:**

_____
**NITZA I. QUIÑONES ALEJANDRO**
**United States District Judge**

# CERTIFICATE OF SERVICE

The foregoing Motion for Judgment and Preliminary Order of Forfeiture and proposed Order was served electronically through the District Court Electronic Case System upon:

John I. McMahon, Jr., Esquire
21 West Mt. Airy St.
Norristown, PA 19401


                */s/ Albert S.Glenn*
                ALBERT S. GLENN
                Assistant United States Attorney

Dated: February 26, 2018